UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

IN RE: STEWART, COURTNEY DAWN

                    DEBTOR(S)         CASE NO. 3:22-bk-30645-SHB
                                                           CHAPTER 7

Ann Mostoller, Trustee, )
          Plaintiff, )
vs. ) ADV. NO.
          )
David Hatfield, )
          Defendant(s). )

## COMPLAINT TO AVOID PREFERENTIAL TRANSFER AND FRAUDULENT CONVEYANCE

The Complaint of Ann Mostoller, Trustee, respectfully alleges:

1. That Ann Mostoller is the duly qualified and acting Trustee in this case.

2. The Debtor(s) filed a Petition for Chapter 7 Bankruptcy on 04/26/22.

3. Plaintiff files this action seeking to avoid a preferential transfer received by Defendant pursuant to the provisions of 11 U.S.C. §547 or in the alternative, to avoid a fraudulent conveyance pursuant to 11 U.S.C. §548.

4. This Court maintains jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. The proceeding is a core proceeding under 28 U.S.C. §157 (b)(2)(F) and (H).

5. On or about October 22, 2021, the Debtor(s) transferred the sum of $15,000.00 to the Defendant, her father, to repay a personal loan taken out for the purchase on an ATV.

a. This transfer was made while the Debtor(s) was insolvent on account of an antecedent debt, on or within one (1) year prior to the filing of Debtor's Petition;

b. Defendant obtained more than he would have received under Chapter 7, Title 11, United States Code, if the transfer had not been made and the Defendant received payment of such debt to the extent provided by Title 11 of the United States Code; and

c. As such, the transfer should be avoided as a preference pursuant to 11 U.S.C. §547(b).

6. In the alternative, the transfer referred to in paragraph 4 above constitutes a fraudulent conveyance under 11 U.S.C. §548.

a. The transfer was made within one year prior to the filing of Debtor(s)' Petition, when the Debtor(s) was insolvent or became such as a result thereof;

b. The Debtor(s) received less than reasonably equivalent value in exchange for such transfer; and

c. Accordingly the Trustee may recover such fraudulent conveyance pursuant to 11 U.S.C. §550(a).

7. Plaintiff conducted an analysis of the alleged preferential transfers as to whether they were protected by any applicable defense under 11 U.S.C. §547(c). Further, Plaintiff sent demand letters to the Defendant(s) inviting an exchange of information regarding any potential affirmative defenses but received no response.

WHEREFORE, Plaintiff prays as follows:

A. That a summons issue and be served on the Defendant, together with a copy of this Complaint, and that Defendant(s) be required to answer within the time set by law.

B. That upon a hearing of this cause the Court avoid the above described transfer, order Defendant(s) to turn over to the Trustee the property so transferred as described herein.

C. That Plaintiff be awarded pre-judgment interest on any judgment received as well as costs incurred herein.

D. That Plaintiff be awarded such other and further relief as the Court deems just and proper.

s/ Ann Mostoller
Ann Mostoller, #001146
Attorney for Trustee
Mostoller, Stulberg, Whitfield, Allen & Tippett
136 South Illinois Avenue, Suite 104
Oak Ridge, TN 37830
(865) 482-4466
bdavis@msw-law.com